UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NORTHERN SECURITY INSRANCE COMPANY,**<br>Plaintiff,<br><br>v.<br><br>**TRAVELERS INSURANCE COMPANY OF AMERICA,**<br>**JANE EDEN, P.C., and**<br>**LAW OFFICES OF RICHARD J. RAFFERTY, P.C.**<br>Defendants. | CIVIL ACTION<br>NO. 20-40089-TSH |

**MEMORANDUM OF DECISION**
March 31, 2021

**HILLMAN, D.J.**

### Background

Northern Security Insurance Company ("Northern") has brought this action for declaratory judgment, reformation and breach of contract against Travelers Insurance Company of America ("Travelers"), Jane Eden, P.C. ("Eden P.C.") and Law Offices of Richard J. Rafferty, P.C. ("Rafferty P.C."). By way of introduction, I will briefly summarize the genesis of Northern's action.

The law partnership of Eden, Rafferty, Tetreau and Erlich ("Eden, Rafferty") occupies the premises leased in separate agreements by Eden, P.C. and Rafferty P.C. from 238 Shrewsbury Street, LLC ("238 Shrewsbury LLC"). The leases provide that Eden, P.C. and Rafferty P.C. will each obtain a public liability insurance policy on the premises and name 238 Shrewsbury LLC as an additional insured thereunder. Eden, Rafferty obtained an insurance policy from Travelers covering the period from May 2014 through May 2015. In March 2015,

an Eden, Rafferty employer was injured in a fall on property owned by 238 Shrewsbury LLC. She subsequently brought a personal injury suit against 238 Shrewsbury LLC in state court. After undertaking 238 Shrewsbury LLC's defense, Northern determined that Eden P.C. and Rafferty P.C. had an obligation to indemnify 238 Shrewsbury LLC under the terms of the leases. Assuming that as required by the terms of the leases 238 Shrewsbury LLC had been named an additional insured on the Travelers' policy, Northern tendered the defense and indemnity of 238 Shrewsbury LLC to Travelers. Travelers has denied the tender on the grounds that 238 Shrewsbury LLC was not an additional insured under its policy. Additionally, Eden P.C. and Rafferty P.C. are not expressly named insureds under the policy. Northern asserts that the relevant parties intended to name 238 Shrewsbury LLC as an additional insured under the Travelers' policy and that failure to do so was a mutual mistake between Travelers and its insured. Northern also contends that the Eden P.C. and Rafferty P.C. intended to be identified as "named insureds."

By this action, Northern: (1) asserts a breach of contract claim against Eden P.C. seeking monetary damages (Count I); (2) asserts a breach of contract claim against Rafferty P.C. seeking monetary damages (Count II); (3) seek a declaratory judgment that the policy Travelers issued to Eden, Rafferty covers indemnity obligations of Eden P.C. and Rafferty P.C. under the leases (Count III); and  (4) seeks a declaratory judgment reforming the Travelers' policy to name 238 LLC as an additional insured as required under the aforementioned leases and, to the extent necessary, provide that Eden P.C. and Rafferty P.C. are "insureds."  This Memorandum of Decision and Order addresses Travelers' Motion for Judgment on the Pleadings (Docket No. 6). For the reasons set forth below, that motion is *denied*.

**Standard of Review**

This Court reviews motions for judgment on the pleadings under a standard that is essentially the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). Thus, the court views "the facts contained in the pleadings in the light most favorable to the party opposing the motion . . . and draw[s] all reasonable inferences in [that party's] favor." *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007). Dismissal is only appropriate if the pleadings, viewed in the light most favorable to the non-moving party, fail to support a "plausible entitlement to relief." *Kimmel & Silverman, P.C. v. Porro*, 969 F. Supp. 2d 46, 49-50 (D. Mass. 2013) (citing *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007)).  With this standard in mind, the relevant facts as alleged in the pleadings are as follows.

**Facts**

The Parties Relationship and the Incident Leading To the Tender of Coverage to Travelers

238 Shrewsbury Street, LLC owns property ("Property") at 238 Shrewsbury Street, Worcester, MA.  On April 11, 2012, Eden P.C. and Rafferty P.C. entered into written agreements with 238 Shrewsbury LLC to lease the first floor of the Property (the leased space shall hereafter be referred to as the "Premises") from August 1, 2012 through July 31, 2019 (the "Eden P.C. Lease" and the "Rafferty P.C. Lease" and collectively, the "Leases").  Eden P.C. and Rafferty P.C. are part of the law partnership of Eden, Rafferty, Tetreau and Erlich (previously defined as "Eden, Rafferty") which occupies the Premises.  Travelers issued an insurance policy to Eden, Rafferty, policy number 680-0295R325-14-42 (the "Policy"), effective for the period May 4, 2014 through May 4, 2015 which identified Eden, Rafferty's form of business as a partnership.

3

Beatrice Chatalian ("Chatalian") brought a lawsuit against 238 Shrewsbury LLC alleging that on March 30, 2015, she suffered personal injuries at the Property when she slipped and fell in the parking lot due to dangerous icing conditions. At the time, Chatalian was an employee of Eden Rafferty. Northern has defended 238 Shrewsbury LLC against the Chatalian suit and has attempted to tender the indemnification and defense of 238 Shrewsbury LLC to Travelers. Travelers, however, denied the tender on the grounds that 238 Shrewsbury LLC is not an additional insured under the Policy, and that Rafferty P.C. and Eden P.C. are not insureds under the Policy.

Under the terms of each of the Leases, the lessee "covenants to maintain at all times during the terms of [the] lease public liability insurance with respect to the [Premises] in the sum of not less than $2,000,000 for personal injury … and shall name the lessor as an insured on such policy." The Leases also include an indemnification provision whereby Eden P.C. and Rafferty P.C. agree to indemnify and hold 238 Shrewsbury LLC harmless from: any and all claims asserted by any person on account of any injury to person for loss or damage to property sustained or occurring on the Premises on account of an act, omission, negligence or the like of either of them, their servants, agents or employees; and any injury to person for loss or damage to property sustained or occurring in or about the Premises arising out of its use by the them or by any person claiming by or through them caused by an act, omission, fault, negligence or misconduct by them or their servants, agents or employees. Furthermore, if any action is brought against 238 Shrewsbury LLC by reason of any such claim, Eden P.C. and Rafferty, upon notice by 238 Shrewsbury LLC, are obligated at their expense to defend such action including employing counsel reasonably satisfactory to 238 Shrewsbury LLC.

Northern alleges that Chatalian's employer, Eden, Rafferty, required its employees to park in the rear of the Property where there was an employee entrance that which allowed direct access to the Premises.  The rear parking lot where Chatalian was required to park was not typically salted or sanded which was known to Eden, Rafferty. Northern further alleges that because Eden, Rafferty knew that this area was not typically salted or sanded, its requirement that employees park in the rear and enter the Premises through the back entrance constituted negligence which triggered the Leases indemnity provision which is in turn covered by Travelers under the Policy.

Relevant Policy Provisions

The Policy contains the following provisions that are relevant to this action.

**COMMERCIAL GENERA LIABILTY COVERAGE FORM**

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The Word "insured" means any person or organization qualifying as such under Section II

– Who Is An Insured.

  ….

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY

1.      Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
….

2.      Exclusions

This insurance does not apply to:

….

> b. Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (2) Assumed in a contract or agreement that is an "insured contract," . . . .

The Policy further defines "insured contract" as follows:

> f.  That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Additionally, the Policy identifies the insured entity as a "partnership" and further provides that where the named insured is designated as a partnership, it is in an insured as well as its members, partners, and their spouses, but only with respect to the conduct of the insured's business.

The Policy defines "Insured Contract" to include:

> … That part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another party to pay for "Bodily Injury" or "Property Damage" to a third person or organization.

The Policy contains an endorsement entitled "Other Insurance – Additional Insured," however, there are no additional insureds named in the Policy.

## Discussion

In Count III, Northern asserts that: (i) Eden P.C. and Rafferty P.C. are obligated to "insureds" under the Policy, and (iii) that the Policy covers Eden P.C.'s and Rafferty P.C.'s indemnification obligations to 238 Shrewsbury LLC. Travelers asserts that it is entitled to judgment on Count III because neither Eden P.C. nor Rafferty P.C. are insureds under the Policy and 238 Shrewsbury LLC is not an additional insured and therefore, Northern lacks standing to bring a declaratory judgment action against it seeking an affirmation that there is coverage under

the Policy. For substantially the same reasons, Travelers argues there is no coverage under the Policy based on the indemnification provisions in the Leases. Travelers also argues that because no judgment has been entered against 237 Shrewsbury LLC in the underlying state lawsuit, Northern's request for a declaratory judgment as to coverage is premature. In Count IV, Northern requests that the Court order the reformation of the Policy to make 238 Shrewsbury LLC an additional insured and, to the extent necessary, provide that Eden P.C. and Rafferty P.C. are insureds. Travelers argues that as a matter of law a non-party to an insurance policy cannot seek reformation of the contract.

Under Article III of the United States Constitution, federal courts may not grant declaratory relief unless an "actual controversy" exists. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272, 61 S.Ct. 510 (1941). In an action for a declaratory judgment, the facts alleged must present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273, 61 S.Ct. 510.   Where  an insured party faces potential liability and the insurer disputes coverage, an actual controversy exists. *See Metropolitan Life Ins. Co. v. Ditmore,* 729 F.2d 1, 6 (1st Cir.1984) ("It is, of course, common for an insurer to bring an action for declaratory relief against the insured to establish the limits of liability under a policy."). This is particularly true where the insurer refuses to defend the insured or contests coverage, because the controversy is then "immediate" and "real." *See Maryland Casualty,* 312 U.S. at 273, 61 S.Ct. 510). In this case, Travelers has denied Northern's tender of the obligation to defend and indemnify 238 Shrewsbury LLC because the underlying action (Chatalian's suit against 238 Shrewsbury LLC) does not implicate its insured. Therefore, at first blush, there appears to be a controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment." *Maryland Casualty,* 312 U.S. at 273, 61 S.Ct. 510. However, it is undisputed that 238 Shrewsbury LLC is not an insured or additional insured under the Policy. Therefore, the question becomes whether there is an actual controversy between Northern and Travelers In *Maryland Casualty*—a lawsuit brought by the insurer—the Supreme Court found an actual controversy in a suit about the policy coverage reasoning that because there was a controversy between the insured and its insurer, the federal court had the jurisdiction to interpret the policy. *Id.,* at . 312 U.S. at 273–74, 61 S.Ct. 510. The Supreme Court so found because if its judgment were not binding as to the potential liability of the insurer to the state-court claimant, then, should such liability arise, the coverage issue would be re-litigated in state court between those parties and perhaps yield a conflicting result. *Id.* at 274, 61 S.Ct. 510. Because conflicting judgments from the state and federal courts on precisely the same issue would be highly undesirable, the Court found that the controversy between the state-court claimant and the insurer was not "too remote" for it to issue a binding declaratory judgment. *Id.*

In this case, suit has been initiated by a third-party, Northern, standing in the shoes of its insured, 238 Shrewsbury LLC, seeking a declaration first, that Eden P.C. and Rafferty P.C. are "insureds' under the Policy, and second, that the Policy covers their indemnification obligations to 237 Shrewsbury LLC under the Leases. The issue as framed by Travelers is "whether the named plaintiff is the proper party to seek declaratory relief adjudication of a particular issue." MOORE'S FEDERAL PRACTICE–CIVIL § 57.22 (3d ed. 2012) (citing *Warth v. Seldin,* 422 U.S. 490, 498–499, 95 S.Ct. 2197 (1975) and *Flast v. Cohen,* 392 U.S. 83, 99–100, 88 S.Ct. 1942 (1968)). The issue is further complicated given that Chatalian's suit against 238 Shrewsbury LLC  remains pending, that is, no judgment been entered against 238 Shrewsbury

8

LLC, ergo Eden P.C. and Rafferty P.C.'s alleged obligation to indemnify it is not ripe for resolution.

For Article III standing, the plaintiff must allege that (1) it suffered an injury in fact to a cognizable interest, (2) "the asserted injury is causally connected" to the defendant's alleged wrongful conduct, and (3) if it succeeds in the litigation, its injury will be redressed. *See Pagan v. Calderon,* 448 F.3d 16, 27 (1st Cir. 2006). "In addition to these Article III prerequisites, prudential concerns ordinarily require a plaintiff to show that his claim is premised on his own legal rights (as opposed to those of a third party), that his claim is not merely a generalized grievance, and that it falls within the zone of interests protected by the law invoked." *Id.* (internal citations omitted). These standing requirements are "both plaintiff-specific and claim-specific." *Pagan,* 448 F.3d at 26.

In this case, the determination whether Northern has standing to seek a declaratory judgment as to coverage under the Policy is indelibly intertwined with is argument that as a matter of law, it is not obligated to provide coverage under the Policy because Eden P.C. and Rafferty P.C. are not insureds.[1] These same questions arise in connection with Travelers' motion for judgment on the pleadings in Count IV in which Northern requests that the Policy be reformed to name 238 Shrewsbury LLC as an additional insured and, to the extent necessary, the Policy reflect that Eden P.C. and Rafferty P.C. are insureds.  While the Court has grave doubts regarding Northern's right to bring the asserted claims against Travelers, at this stage of the proceedings the standard is whether Northern has stated claims that are plausible. Given that there are fact specific questions which must be resolved regarding whether Eden P.C. and Rafferty P.C. are insureds under the Policy and whether it was intended that 238 Shrewsbury

---

[1] Travelers argues that the Leases are not covered contracts under the Policy because Eden, Rafferty is the insured under the Policy and the Leases were entered into by Eden P.C. and Rafferty P.C.

9

LLC was intended to be an additional insured, Northern has met this burden. Additionally, while I agree with Travelers that Northern's coverage claim based on the indemnification clause contained in the Leases may not be ripe for adjudication, at this time, I am not prepared to grant its motion on this ground. *See Atain Specialty Ins. Co. v. Bos. Rickshaw LLC,* 387 F. Supp. 3d 157, 160 (D. Mass. 2019)(courts frequently hold that an insurer's duty to indemnify does not become ripe for adjudication until the underlying lawsuit for liability is resolved). Therefore, Travelers' motion for judgment on the pleadings is *denied*.

Given that Northern's claims against Travelers rise or fall based of specific factual findings on limited issues which have been identified by the parties and are highlighted herein, the Court intends to permit the parties to engage in limited discovery on these issues. The parties will then be given the opportunity to file motions for summary judgment as to Northern's claims against Travelers. A status conference will be set to schedule such discovery, if necessary, after the Court issues its order on the pending motions to dismiss.

## Conclusion

For the reasons set forth above, the Motion for Judgment on the Pleadings (Docket No. 6) is ***denied***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
