UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTHERN SECURITY INSRANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY OF AMERICA,<br>JANE EDEN, P.C., and<br>LAW OFFICES OF RICHARD J. RAFFERTY, P.C.,<br>Defendants. | CIVIL ACTION<br>NO. 20-40089-TSH |

# MEMORANDUM OF DECISION
August 3, 2021

**HILLMAN, D.J.**

## Background

Northern Security Insurance Company ("Northern" or "Plaintiff") has brought this action for declaratory judgment, reformation, and breach of contract against Travelers Insurance Company of America ("Travelers"), Jane Eden, P.C. ("Eden P.C."), and Law Offices of Richard J. Rafferty, P.C. ("Rafferty P.C."). By way of introduction, I will briefly summarize the genesis of Northern's action against Eden P.C. and Rafferty P.C.

The law partnership of Eden, Rafferty, Tetreau, and Erlich ("Eden, Rafferty") occupies the premises leased in separate agreements by Eden P.C. and Rafferty P.C. from 238 Shrewsbury Street, LLC ("238 Shrewsbury LLC"). The leases provide that Eden P.C. and Rafferty P.C. will each obtain a public liability insurance policy on the premises and name 238 Shrewsbury LLC as an additional insured thereunder. Eden, Rafferty obtained an insurance policy from Travelers

covering the period from May 2014 through May 2015.  Northern issued an insurance policy to 238 Shrewsbury LLC which covered this same period.

In March 2015, an Eden, Rafferty employee was injured in a fall on property owned by 238 Shrewsbury LLC. She subsequently brought a personal injury suit against 238 Shrewsbury LLC in state court. After undertaking 238 Shrewsbury LLC's defense, Northern determined that Eden P.C. and Rafferty P.C. had an obligation to indemnify 238 Shrewsbury LLC under the terms of the leases.  Assuming that as required by the terms of the leases, 238 Shrewsbury LLC had been named an additional insured on the Traveler's policy, Northern tendered the defense and indemnity of 238 Shrewsbury LLC to Travelers. Travelers denied the tender on the grounds that 238 Shrewsbury LLC was not an additional insured under its policy. Additionally, Eden P.C. and Rafferty P.C. are not expressly named insureds under the policy.

Northern has asserted the following claims against the various defendants: (1) breach of contract against Eden P.C. seeking monetary damages (Count I); (2) breach of contract against Rafferty P.C. seeking monetary damages (Count II); (3) a declaratory judgment that the policy Travelers issued to Eden, Rafferty covers indemnity obligations of Eden P.C. and Rafferty P.C. under the leases (Count III); and  (4) a declaratory judgment reforming the Travelers' policy to name 238 Shrewsbury LLC as an additional insured as required under the aforementioned leases and, to the extent necessary, provide that Eden P.C. and Rafferty P.C. are "insureds."  This Memorandum of Decision and Order addresses Defendants Jane Eden, P.C., And Law Offices Of Richard J. Rafferty, P.C. Motion To Dismiss  (Docket No.  14). For the reasons set forth below, that motion is *denied*.

**Standard of Review**

In deciding motions to dismiss, the court views "the facts contained in the pleadings in the light most favorable to the party opposing the motion . . . and draw[s] all reasonable inferences in [that party's] favor." *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007). Dismissal is only appropriate if the pleadings, viewed in the light most favorable to the non-moving party, fail to support a "plausible entitlement to relief." *Kimmel & Silverman, P.C. v. Porro*, 969 F. Supp. 2d 46, 49-50 (D. Mass. 2013) (citing *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007)). With this standard in mind, the relevant facts as alleged in the pleadings are as follows.

**Facts**

238 Shrewsbury Street, LLC owns property ("Property") at 238 Shrewsbury Street, Worcester, MA. Eden P. C. and Rafferty P.C. each have their principal place of business at 238 Shrewsbury Street. On April 11, 2012, Eden P.C. and Rafferty P.C. entered into written agreements with 238 Shrewsbury LLC to lease the first floor of the Property (the leased space shall hereafter be referred to as the "Premises") from August 1, 2012 through July 31, 2019 (the "Eden P.C. Lease" and the "Rafferty P.C. Lease" and collectively, the "Leases").[1] Eden P.C. and Rafferty P.C. are part of the law partnership of Eden, Rafferty, Tetreau and Erlich (previously defined as "Eden, Rafferty") which occupies the Premises.

Under the terms of each of the Leases, each Lessee "covenants to maintain at all times during the terms of [the] lease public liability insurance with respect to the [Premises] in the sum of not less than $2,000,000 for personal injury … and shall name the lessor as an insured on such

---

[1] For purposes of this Memorandum of Decision only, the terms "Defendants" shall refer to Eden P.C. and Rafferty P.C.

3

policy." Additionally, paragraph 15 of the Leases include the following "waiver of subrogation" provision:

> (a) The Lessee and the Lessor covenant that with respect to any insurance coverage carried by either the Lessee or the Lessor in connection with the Demised Premises, whether or not such insurance is required by the terms of this lease, such insurance shall provide for the waiver by the insurance carrier of any subrogation rights against the Lessor, its agents, servants, and employees under the Lessee's insurance policies or against the Lessee, its agents, servants, and employees under the Lessor's insurance policies, where such waiver of subrogation rights does not require the payment of an additional premium, or, if an additional premium is required to be paid, the other party offers to pay such premium after being notified of such additional premium.
>
> (b) Notwithstanding any other provision of this lease, (i) the Lessor shall not be liable to the Lessee for any loss ·or damage, whether or not such loss or damage is caused by the negligence of the Lessor, its agents, servants, or employees, to the extent that such loss or damage is covered by valid and enforceable insurance carried by the Lessee, and (ii) the Lessee shall not be liable to the Lessor for any loss or damage, whether or not such loss or damage is caused by the negligence of the Lessee or its agents, servants, or employees, to the extent that such loss or damage is covered by valid and enforceable insurance carried by the Lessor.

The Leases also include an indemnification provision whereby Eden P.C. and Rafferty P.C. agree to indemnify and hold 238 Shrewsbury LLC harmless from: any and all claims asserted by any person on account of any injury to person for loss or damage to property sustained or occurring on the Premises on account of an act, omission, negligence or the like of either of them, their servants, agents or employees; and any injury to person for loss or damage to property sustained or occurring in or about the Premises arising out of its use by the them or by any person claiming by or through them caused by an act, omission, fault, negligence or misconduct by them or their servants, agents or employees. Furthermore, if any action is brought against 238 Shrewsbury LLC by reason of any such claim, Eden P.C. and Rafferty, upon notice by 238 Shrewsbury LLC, are obligated at their expense to defend such action including employing counsel reasonably satisfactory to 238 Shrewsbury LLC.

Beatrice Chatalian ("Chatalian") has brought a lawsuit against 238 Shrewsbury LLC alleging that on March 30, 2015, she suffered personal injuries at the Property when she slipped and fell in the parking lot due to dangerous icing conditions.  At the time, Chatalian was an employee of Eden Rafferty. Northern has defended 238 Shrewsbury LLC against the Chatalian suit and has attempted to tender the indemnification and defense of  238 Shrewsbury LLC to Travelers. Travelers, however, denied the tender on the grounds that Rafferty P.C. and Eden P.C. are not insureds under the Policy, and 238 Shrewsbury LLC is not an additional insured under the Policy, which was issued to Eden, Rafferty.

Northern alleges that Chatalian's employer, Eden, Rafferty, required its employees to park in the rear of the Property where there was an employee entrance that which allowed direct access to the Premises.  The rear parking lot where Chatalian was required to park was not typically salted or sanded which was known to Eden, Rafferty. Northern further alleges that because Eden, Rafferty knew that this area was not typically salted or sanded, its requirement that employees park in the rear and enter the Premises through the back entrance constituted negligence which triggered the Leases indemnity provision.

## Discussion

Northern contends in Counts I and II that Eden P.C. and Rafferty P.C. have breached their contractual obligations under the Leases to indemnify and defend 238 Shrewsbury LLC against Eden P.C. and Rafferty P.C. with respect to the claims asserted by Chatalian[2]. Northern essentially contends that if 238 Shrewsbury LLC is found to be liable to Chatalian and ultimately determined not to be an additional insured under the Traveler's policy, then it should be

---

[2] In Counts III (declaratory judgment) and IV (reformation) Northern has brought claims against Travelers in which it ultimately seeks a determination that 238 Shrewsbury LLC is an Additional Insured under the Policy. If Northern were to prevail on Count III or Count IV, its breach of contract claims against Eden P.C. and Rafferty P.C. would be moot.

permitted to step into the shoes of its insured and seek recovery from the Defendants for breach of their obligations under the Leases. The Defendants argue that Northern has waived its right of subrogation and therefore, cannot seek to recover from them. Defendants further argue that Northern cannot stand in the shoes of its insured, 238 Shrewsbury LLC, because under the terms of the Leases, 238 Shrewsbury LLC has also waived it right to seek to recover from the lessees for losses or damages caused by the Lessees' negligence, or the negligence of their agents, servants or employees if such losses or damages are covered by the valid and enforceable insurance carried by it.

      The Leases provide that insurance obtained by 238 Shrewsbury LLC shall include a waiver of subrogation *if* there is no additional premium need be paid, or, if there is an additional premium required, the lessee agrees to pay such premium, that is, the waiver of subrogation rights is not absolute.  However, the insurance policy issued by Northern to 238 Shrewsbury LLC was not attached to the complaint or otherwise made part of the record and therefore, it is not clear that it includes a waiver of subrogation rights. Likewise, it is also not clear whether the policy that Northern issued to 238 Shrewsbury LLC would cover the personal injury claim asserted by Chatalian. Moreover, as pointed out by Northern, Defendants are seeking to enforce Paragraph 15 of the Leases independent of the other provisions contained therein and have failed to address in their legal argument whether that provision can be considered independent of the myriad of other provisions in the Leases addressing insurance and indemnification. On this record, Defendants have not persuaded the Court that Northern does not have a plausible breach of contract claims against them and therefore, their motion to dismiss is denied.

...

## Conclusion

For the reasons set forth above, Defendants Jane Eden, P.C., And Law Offices Of Richard J. Rafferty, P.C. Motion To Dismiss (Docket No. 14). is *denied*.

**SO ORDERED.**

    **/s/ *Timothy S. Hillman*** 
**TIMOTHY S. HILLMAN** 
**DISTRICT JUDGE**